Curia, per

Wardlaw, J.
Our Statute of 1827, intended to prevent the frequent renewal of executions, (6 Statute, 324,) extends the time of an execution’s active energy from the court next after its lodgment, (the period as the law before was,) to the court, next after the full completion of four years from its lodgment, and extends the time within which, after losing its active energy, it may be continued by renewal, from the space of a year and a day after the time fixed for its return, (which before the Act was the limited term,) where the effect of the Act of 1815. (6 Statute, 5, was not to be considered,) to three years from the expiration of its active energy. Beyond this change of times, the Act of 1827 is not considered to affect the question in' this case. Before the Act of 1827, could an execution be renewed without scire facias, where the defendant had died after the active energy of the first writ of execution had ceased, but before the expiration of the year and day,' in which ordinarily continuance might be had'?
. “ If, on a judgment against A, a fi. fa. be sued out, but' before execution A die intestate, there needs no scire facias to renew this judgment, but execution of the goods may be made in the hands of the administrator, for as the party himself could not have made any defence to the writ of execution, there is no reason that his representative should be in a better condition.” C Bac. Abr., 112. See also, 2 Bac. Abr., 716, 734; Tidd’s Practice, 1000. There would have been no doubt of the sheriff’s right to proceed upon the first writ offere facias, if the defendant died before the *348 return day of the writ, but after the writ was sued, or even, as will be seen by examination of the above authorities, if he died at any time between the judgment term, at which the writ was tested, and the suing forth of the writ in regular time. The continuance of the writ before execution, can make no difference. Such continuance is a matter of course, (1 Str., 100;) so much so, that I do not find it any where expressly considered as a matter worthy of attention in deciding the rights of parties, after a change by death or otherwise. In a late English case, Phillips vs. Tanner, 3 M. & P., 562, to which I cannot now have access, I find from 2 Harrison’s Digest, 1122, that where the defendant died after execution of a writ of fi.fa., the court would not allow it to be amended by inserting the testatum clause, as the interests of the personal representatives might be affected by such insertion. But that no scire facias was necessary to making a regular continuance of an execution after the death of a defendant, seems to be implied by the Stat. 21, Jac. 1, c. 24, (2 Stat., 512,) which, after the death of a defendant, charged in execution, under a ca. sa., permits the plaintiff, his executor’s or administrator’s to sue forth new execution against the lands or goods of the deceased, in such manner and form as might have been done “by the laws and Statutes of this realm, if such person, so deceased had never been taken or charged in execution.” There ■is reason for scire facias before execution in case of the defendant’s death after verdict and before judgment, because in such case the execution must be against the executor, and he should have an opportunity to plead no assets or other matter subsequent to judgment, in his defence. But where the execution is against the deceased, the executor, personally, cannot be affected by it; and although, by it, some difficulty may be produced in his preserving the legal order of prioi’ity in applying the ássets of an insolvent estate; those difficulties ax-e not increased by the circumstance that the sheriff is acting under an alias writ, instead of the.first writ, which was in full force at the, death of the defendant. The executor would be as much bound, at his peril, to notice an execution, whose active energy had ceased, as one, that either by original efficacy or by renewal, might take the assets from Ixis hands.
*349 As to the suggestion which has been made of a levy, acknowledged by the deceased, if any presumption can arise from it, the executor may avail himself of that presumption, upon a rule against the plaintiff, to shew cause why satisfaction, of t£ie judgment should not be entered, (6 Stat.,> 61,) and so of payments suggested.
The motion is dismissed.
Evans and Butler, JJ., concurred.